**UNITED STATES of America,**
**Appellee,**

v.

**Homer O. BAKER, Jr., Appellant.**

**No. 884, Docket 35617.**

United States Court of Appeals,
Second Circuit.

Argued April 15, 1971.

Decided May 19, 1971.

Norman A. Palmiere, Rochester, N. Y., for appellant.

Michael R. Wolford, Asst. U. S. Atty. (H. Kenneth Schroeder, Jr., U. S. Atty., W. D. New York, of counsel), for appellee.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

Homer O. Baker, Jr. appeals from conviction on three counts of aiding and abetting one Mojica in attempted bank robbery (18 U.S.C. §§ 2113(a) and 2(a)) and assault in the course thereof (18 U.S.C. §§ 2113(d) and 2(a)), on trial to the jury in the United States District Court for the Western District of New York, Harold P. Burke, *Judge.* We find no error and affirm the judgment.

This appeal and the companion case of Nestor A. Mojica arise out of a single

trial. As we stated in the opinion in the companion case, Mojica was charged with four counts, involving attempted bank robbery and assault with a dangerous weapon. Baker was charged with three counts, aiding and abetting Mojica in his criminal activities. A gunman had attempted to rob a bank in Irondequoit, New York, and when the teller fled he shot her "in the posterior section." He fired another shot at the manager and left the bank, getting into a Ford Econoline van, which was driven by another individual. Mojica was accused of being the gunman, and Baker the driver. They were found guilty on all counts.

Baker alleges that he was prejudiced by a news story appearing in a local paper during the trial which incorrectly described the occurrences at the trial. Apparently the article stated that two witnesses had identified Baker as the driver of the getaway car, although there had been no such identification at the bank parking lot; he was not identified until later. Also, the article indicated that evidence would be presented showing Mojica's fingerprints in the van, in addition to Baker's. No such evidence was introduced. Baker's attorney moved for a mistrial, and in the alternative the right to question the jurors about their familiarity with the article. Both motions were denied by Judge Burke, although the court did admonish the jury in its charge about the specific misstatements in the article. Baker claims on appeal that he should have been granted a mistrial, since the jurors who read the article might have assumed that their recollections were consistent with the terms of the article. However, the prejudicial nature of the article itself is questionable, and since Judge Burke specifically and carefully pointed out the errors in the article during his charge, there is no likelihood that Baker was prejudiced by the article.

Baker also challenges the admissibility of the testimony of Rochester police officer Edward A. Hughes, testifying as a fingerprint expert. He testified that he received the cellophane lift taken of the fingerprints removed from the steering wheel of the getaway van, and compared it with a known set of fingerprints on file with the Rochester Police Bureau. The known fingerprint records were not offered into evidence, but the court permitted the witness to read from the exhibit portions which identified the person as the defendant Baker. It was acknowledged that the witness did not have firsthand personal knowledge that the fingerprints were defendant Baker's, and therefore Baker claims that the portion read from the records was inadmissible hearsay. The court permitted the reading, however, on the ground that it came within the business records exception to the hearsay rule. 28 U.S.C. § 1732 does provide for such an exception, and of course one is generally recognized to exist. However, defendant Baker contends that the exception applies only to the admission of the record itself, not to statements of what is contained in the record by one who did not make it. See generally, McCormick, Law of Evidence, 596–619 (1954).

While this may generally be correct, we find no error in the course followed here. The matter read in from the record could have been placed before the jury by admitting the record itself, but there was some potentially prejudicial matter in it which Judge Burke did not wish to put before the jury, so he chose a method which would let in what was admissible while preserving the usual safeguards. The record was present, its origin and nature subject to cross examination, it was offered in evidence and excluded only on Baker's objection that the card contained reference to another crime. Perhaps mechanically it would have been better to put it in and mask the entries, but Judge Burke thought that it might lead to prejudicial speculation, and took a sensible alternative course. We find no ground for reversal here.

Judgment affirmed.